UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 2:18-CR-00034-JRG-15
)
MICHAEL PARKS )
)
)

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docs. 695, 707]. The Government filed a motion in opposition [Doc. 704]. Also before the Court is the Government's motion for leave to file document under seal [Doc. 705].

The Court has reviewed the Government's proposed sealed document [Doc. 706] and for good cause shown, the motion to file under seal [Doc. 705] will be granted. As discussed below, Defendant's motion will be denied.

I. BACKGROUND

In March of 2019, Defendant was sentenced to 188 months of imprisonment based on his conviction for conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine [Doc. 557]. Defendant is presently housed at Beckley FCI, and according to the Bureau of Prisons ("BOP"), his projected release date is August 10, 2032. *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (search by register number 16221-074) (last visited April 14, 2022). He moves for compassionate release based on his health conditions amid the COVID-19 pandemic and rehabilitative efforts.

## II. LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Section 3582(c)(1)(A)(i) of Title 18, United States Code authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons."

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government. *Id*. at 833–34.

If the exhaustion requirement has been met, a court may grant a motion for compassionate release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the policy statement in [U.S.S.G.] § 1B1.13.'" *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir.

2020). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. ANALYSIS

#### A. Exhaustion

Defendant submitted a compassionate release request to the warden at his prison, and his request was denied [*See* Doc. 695, at 10–11]. The Government concedes that the exhaustion requirement has been met [Doc. 704, at 1]. Thus, the Court finds that it has authority under § 3582(c)(1)(A) to address the merits of Defendant's motion.

#### B. Merits

##### 1. Extraordinary and Compelling Reasons

First, Defendant contends that a sentence reduction is appropriate because his underlying health conditions place him at special risk of severe complications from COVID-19 [Doc. 695, at 6–7; Doc. 707, at 2, 5]. Defendant is 46 years old [*see* Doc. 263, at 3] and suffers from hypertension, obesity, shortness of breath, asthma, hepatitis C, and shoulder pain, as documented in his medical records [Doc. 706, at 37–38].[1] Of these conditions, the Centers for Disease Control has concluded that obesity and asthma "can" increase the risk of serious illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 12, 2022). The same is "possibly" true of hypertension. *Id.*

While Defendant may be at some heightened risk from COVID-19, his conditions are not uncommon and do not appear to be severe. BOP classifies him as a Care Level 2 [Doc. 707-2, at

---

[1] Defendant also claims that he suffers from diabetes [Doc. 707, at 2]. However, Defendant's medical records from BOP do not list diabetes as one of his conditions [*See* Doc. 37–38]. Defendant also asserts, without supporting documentation, that he is a lifetime smoker [Doc. 707, at 2].

19], indicating that he is a stable outpatient whose conditions can be controlled through routine appointments. *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited April 12, 2022). Also, Defendant has been fully vaccinated since April of 2021 [Doc. 706, at 41, 74–75]. A defendant's "access to the COVID-19 vaccine substantially undermines his request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Moreover, COVID-19 appears to be fairly well controlled at Defendant's prison. Beckley FCI currently reports zero inmate cases and zero staff cases of COVID-19. *COVID-19: Coronavirus*, Bureau of Prisons, http://bop.gov/coronavirus/ (last visited April 12, 2022).

The Court acknowledges the danger that COVID-19 poses to Defendant and others. However, in light of Defendant's vaccination, the common nature of his health conditions, and the absence of a COVID-19 outbreak at his prison, the Court cannot conclude that Defendant's medical conditions combine with the COVID-19 pandemic to create an extraordinary and compelling basis for release.

Defendant also argues that his rehabilitative efforts are extraordinary and compelling. Specifically, he points to his positive disciplinary record, employment as a plumber, and completion of drug abuse programs [Doc. 707, at 6; Doc. 707-2, at 19, 24]. The Court commends the positive work that Defendant has done. However, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(t).

Taken altogether, the Court does not find that Defendant's COVID-related health concerns and rehabilitative efforts rise to the level of extraordinary and compelling.

## 2. 18 U.S.C. § 3553(a) Factors

Even if the Court found that Defendant has shown extraordinary and compelling reasons for compassionate release, the 18 U.S.C. § 3553(a) factors do not support a sentence reduction at this time. Under 18 U.S.C. § 3553(a), the Court considers the following factors in determining the sentence to be imposed:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
> . . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; . . .

When reviewing the § 3553(a) factors, this Court may consider the amount of time that a defendant has served on a sentence. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). In this case, Defendant is currently serving a sentence of 188 months and is not due to be released until August of 2032, approximately 124 months from now. Hence, Defendant has not yet served half of his sentence, which the Court finds weighs against release. Moreover, the Court initially sentenced Defendant

to a term of imprisonment below the advisory guidelines,[2] and any further reduction in sentence might result in an unwarranted sentence disparity with similarly situated career offenders. *See* 18 U.S.C. § 3553(a)(6).

Other § 3553(a) factors do not support granting a sentence reduction at this time. The offense conduct in this case was serious, in that Defendant participated in a drug trafficking conspiracy and admitted to being individually responsible for 150 grams of methamphetamine [Doc. 188, ¶ 4]. Defendant also has a significant criminal history, which includes two prior drug trafficking convictions, as well as convictions for animal cruelty, reckless endangerment, and domestic assault [Doc. 263, ¶¶ 34–44].

As noted above, the Court commends Defendant's rehabilitative efforts. However, those positive facts are outweighed by the other § 3553(a) factors discussed above. The Court finds that the need for the sentence to promote respect for the law, the need for the sentence to afford adequate deterrence to criminal conduct, and the need to protect the public all weigh against granting a sentence reduction at this time.

## IV. CONCLUSION

Defendant has not shown extraordinary and compelling reasons for a sentence reduction and the § 3553(a) factors weigh against release. Therefore, Defendant's motion for compassionate release [Docs. 695, 707] is **DENIED**. The Government's motion for leave to file document under seal [Doc. 705] is **GRANTED**.

So ordered.

---

[2] Defendant's advisory guideline range was 262 to 327 months [Doc. 558, at 1].

ENTER:

                                                  s/J. RONNIE GREER
                                  UNITED STATES DISTRICT JUDGE